**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SONIA GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ZAGG INC, CHERYL A. LARABEE, | ) |
| CHRIS AHERN, DAN MAURER, SCOTT | ) |
| STUBBS, MICHAEL BIRCH, RON | ) |
| GARRIQUES, and EDWARD TERINO, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 11, 2020 (the "Proposed Transaction"), pursuant to which ZAGG Inc ("ZAGG" or the "Company") will be acquired by affiliates of Evercel, Inc.

2. On December 10, 2020, ZAGG's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Zephyr Parent, Inc. ("Parent") and Zephyr Merger Sub, Inc. ("Merger Sub," and together with Parent, "Zephyr"). Pursuant to the terms of the Merger Agreement, ZAGG's stockholders will receive $4.20 in cash, and will be entitled to receive an additional contingent amount of up to $0.25, for each share of ZAGG common stock they own.

3.      On January 7, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of ZAGG common stock.

9.      Defendant ZAGG is a Delaware corporation and a party to the Merger Agreement. ZAGG's common stock is traded on the NASDAQ under the ticker symbol "ZAGG."

10.     Defendant Cheryl A. Larabee is Chair of the Board of the Company.

11. Defendant Chris Ahern is Chief Executive Officer and a director of the Company.

12. Defendant Dan Maurer is a director of the Company.

13. Defendant Scott Stubbs is a director of the Company.

14. Defendant Michael Birch is a director of the Company.

15. Defendant Ron Garriques is a director of the Company.

16. Defendant Edward Terino is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

18. ZAGG is a global leader in accessories and technologies that empower mobile lifestyles.

19. The Company has an award-winning product portfolio that includes screen protection, mobile keyboards, power management solutions, social tech, and personal audio sold under the ZAGG®, mophie®, InvisibleShield®, IFROGZ®, Gear4®, and HALO® brands. ZAGG has operations in the United States, Ireland, and China.

20. On December 10, 2020, ZAGG's Board caused the Company to enter into the Merger Agreement.

21. Pursuant to the terms of the Merger Agreement, ZAGG's stockholders will receive $4.20 in cash, and will be entitled to receive an additional contingent amount of up to $0.25, for each share of ZAGG common stock they own.

22. According to the press release announcing the Proposed Transaction:

ZAGG Inc (Nasdaq: ZAGG) ("we," "us," "our," "ZAGG," or the "Company"), a leading global mobile lifestyle company, and a buyer group (the "Buyer Group")

3

led by Evercel, Inc. ("Evercel"), today announced that they have entered into a definitive agreement pursuant to which the Buyer Group will acquire all of the issued and outstanding common stock of the Company for up to $4.45 per share in cash. Stockholders will receive $4.20 per share in cash upon closing and will be entitled to receive an additional contingent amount of up to $0.25 per share, to be paid if the Company's Paycheck Protection Program Loan (the "PPP Loan") is forgiven and any audit related thereto is satisfactorily completed. The transaction is expected to close in the first quarter of 2021. The terms of the agreement, which has been unanimously approved by the Company's Board of Directors, will be submitted for approval of the Company's stockholders. . . .

Terms of the Agreement

Under the terms of the agreement, the Company will file a proxy statement, which shall include the recommendation of the Company's Board of Directors that the Company's stockholders approve the agreement and authorize the transactions contemplated thereby. Closing of the transaction is conditioned upon stockholder approval, clearance under the Hart-Scott-Rodino ("HSR") Antitrust Improvements and other customary closing requirements.

Upon consummation of the merger, $4.20 per share will be immediately paid out to ZAGG stockholders. If the Company's loan forgiveness application is granted, other U.S. Small Business Administration conditions are met, and any related audit is satisfactorily completed, former stockholders will receive an additional payment of up to $0.25 per share based on the amount of the PPP Loan that is forgiven.

BofA Securities is acting as financial advisor to ZAGG and Latham & Watkins LLP is acting as its legal counsel. Grant Thornton LLP, Lincoln International LLC, and Oppenheimer & Co. Inc. are acting as financial advisors to Evercel and Morgan, Lewis & Bockius LLP is acting as its legal counsel.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

23. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

24. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

25. First, the Proxy Statement omits material information regarding the Company's financial projections.

26. The Proxy Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

28. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, BofA Securities, Inc. ("BofA").

29. With respect to BofA's Selected Publicly Traded Companies Analysis, the Proxy Statement fails to disclose BofA's basis for applying 2020E EV/EBITDA multiples ranging from 2.30x to 3.90x and a 2021E Adjusted EV/EBITDA multiple reference range of 3.70x to 7.30x.

30. With respect to BofA's Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose: (i) BofA's basis for applying an enterprise value to LTM EBITDA multiple reference range of 9.40x to 11.40x; (ii) ZAGG's net debt; and (iii) the number of fully-diluted shares of ZAGG common stock outstanding.

31. With respect to BofA's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values for the Company; (iii) the individual inputs and assumptions underlying the range of discount rates of 10.00% to 12.50%; (iv) BofA's basis for using perpetuity growth rates ranging from -1.0% to 1.0%; (i) ZAGG's projected net debt; and (vi) the number of fully-diluted shares of ZAGG common stock outstanding.

32. With respect to BofA's Wall Street Analysts Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

33. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34. Third, the Proxy Statement omits material information regarding BofA.

35. The Proxy Statement fails to disclose whether BofA has provided past services to any parties to the Merger Agreement or their affiliates.

36. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

37. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ZAGG

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. ZAGG is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of ZAGG within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of ZAGG and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the

power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 12, 2021        **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*